UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

Case No. 12-14905

Honorable John Corbett O'Meara

v.

FIVE THOUSAND DOLLARS IN UNITED
STATES CURRENCY, *et. al.*,

       Defendants *In Rem.*

_____/

## OPINION AND ORDER
## DENYING CLAIMANT'S MOTION TO EXTEND DISCOVERY AND
## GRANTING GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

This matter came before the court on claimant Jose Terrell's motion to extend discovery and the government's motion for summary judgment. The issues were fully briefed; and the court heard oral argument January 15, 2015. On January 28, 2015, the government filed supplemental authority in support of its motion. Terrell did not file a response to the supplement.

## BACKGROUND FACTS

The government filed this civil forfeiture complaint November 5, 2012. Due to an ongoing criminal investigation, the complaint was initially filed under seal; the seal was lifted April 8, 2012. The complaint seeks forfeiture of four items: 1) $5,000 in U.S. currency; 2) $403 in U.S. Currency; 3) a 2007 Mercedes Benz; and 4) assorted jewelry valued at $18,000, including a men's Rolex watch and a diamond link bracelet.

The defendant property was seized pursuant to a search warrant executed at a residential home in Southfield, Michigan. Also seized in the search were 92.4 gross grams of marijuana, at least two weapons, multiple rounds of ammunition, and multiple cell phones. It was later determined that a

white residue found on the toilet in the upstairs master bedroom was cocaine. As for the defendant property, the $5000 was hidden in a video game box in the master bathroom, the $403 was in claimant Terrell's pants, the watch was on the dresser in the master bedroom, the bracelet was hidden in a closet in master bedroom, and the Mercedes was parked in the driveway of the home.

In May 2014 claimant Terrell was convicted in Oakland County Circuit Court for delivery/manufacture of marijuana. On July 15, 2014, he was sentenced to one year in prison followed by two years of probation. This case was reopened; and an amended scheduling order was issued July 11, 2014. Discovery closed October 24, 2014. Five days after discovery closed, Claimant's counsel moved to extend the discovery deadline 60 days. The government then filed its motion for summary judgment.

## LAW AND ANALYSIS

The burden of proof in a civil forfeiture case is preponderance of the evidence. 18 U.S.C. § 983(c)(1). The government has the right the forfeit currency connected to drug trafficking. 21 U.S.C. § 881(a)(6). Forfeitability of seized property is proper where there exists a nexus between the seized property and a criminal offense. Circumstantial evidence, based upon a totality of the circumstances, is sufficient to establish forfeitability. United States v. One 1984 Cadillac, 888 F.2d 1133 (6th Cir. 1989). The government needs to prove only the existence of a substantial connection between the property and a criminal offense. United States v. $174,206 in U.S. Currency, 320 F.3d 658, 662 (6th Cir. 2003).

The United States Court of Appeals for the Sixth Circuit has held that circumstantial evidence, including a claimant's criminal history, a propensity to deal in cash, the existence of currency

discovered near drugs, and steps taken to conceal property each constitute examples of factors courts properly consider in determining the forfeitability of seized property. Id. at 663.

In this case the officers who executed the search warrant found the larger sum of cash in a hiding place in the master bedroom and bathroom where it was stored near guns, ammunition and marijuana. Claimant is an admitted drug dealer and user and has been convicted of drug charges related to the same facts and circumstances involved in this search and seizure.

Claimant Terrell, however, asserts that the defendant property was acquired by way of previous, legitimate business earnings. He claims that he had received over $60,000 from the proceeds of a lawsuit, as well as the residual of stock sales and business ventures that he had once owned that took in over $500,000 in gross proceeds between 2004 and 2007. Claimant further asserts that he needs additional time for discovery to show when and how he purchased the items sought to be forfeited.

Despite all of the a time that has passed since Claimant has been released from incarceration, he has never offered any evidence to show when and how he purchased these items. On the other hand, after oral argument on the motions, the government supplemented the record to show that claimant Terrell failed to file income tax returns with the Internal Revenue Service for tax years 2007 through 2012. The court finds that a convicted drug trafficker, with no income reported to the IRS for five years, lacks any basis to maintain an asset forfeiture claim under the circumstances; and the government has shown the existence of a substantial connection between the subject property and a criminal offense. Accordingly, the court will grant the government's motion for summary judgment. Finally, since Claimant has had ample opportunity to submit evidence to show when and

how the items at issue were purchased and has yet failed to do so, the court must deny his motion to extend discovery.

## ORDER

It is hereby **ORDERED** that claimant Jose Terrell's motion to extend discovery is **DENIED.**

It is further **ORDERED** that the government's motion for summary judgment is **GRANTED.**

It is further **ORDERED** that claimant Jose Terrell's motion for extension of time to file a response (Dkt. # 40) is **RENDERED MOOT** by the filing of a response brief which was considered by the court.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: June 17, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 17, 2015, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager